[LANCASTER, JUNE 1, 1829.]

The President, Managers, and Company of the Middletown and Harrisburg Turnpike Road *against* WATSON, Administratrix of WATSON.

#### IN ERROR.

An agent of a corporation, who has received money for its use, cannot, in an action for money had and received, brought against him by the corporation, prove, by way of set-off, that he has paid the debts of the corporation, without showing a special authority for that purpose. And it is not enough to prove, that the defendant acted for the treasurer, without showing some resolution of the board, giving the treasurer a right to delegate his power to the defendant.

THIS case came before the court on a writ of error to the Common Pleas of *Dauphin* county, in which the plaintiffs in error were plaintiffs.

The cause was argued in this court by *M'Clure*, for the plaintiffs in error, and *Douglass*, for the defendants in error; after which the opinion of the court was delivered by

ROGERS, J.—This is a clear case. The plaintiffs bring suit to recover from the administratrix of the defendant certain monies, received by the intestate as a manager and agent of the company, from delinquent subscribers. The defence is, that the money so received, was expended by the agent in the purchase of the debts of the company, and this the administratrix contends, is a legal set-off against the demand of the plaintiffs. The relation of principal and agent is well settled: as long as the agent acts within the scope of his authority, and no longer, he is protected. It was the duty of *Watson* to collect and pay over the funds as they came to his hands. It was for the company to direct the application of the money, when in the treasury, or under their control, to the discharge of their debts, the repair of the road, or whatever purposes they might suppose most beneficial to the corporation. This they have been prevented from doing, by an assumption of power by their agent, and a misapplication of the funds of the company. If such a breach of trust should be permitted, it would, in practice, lead to great abuses, by introducing a scene of speculation and fraud the most disastrous, and of the most secret and dangerous nature. A principal may give a special authority to his agent to settle and liquidate his debts, and this is frequently done; but previous to the introduction of such a defence, to a suit brought for money had and received, as agent, the special authority should be shown. It is said, the defendant proved by *James Montgomery*, that *Watson* acted for the treasurer; but they should also have shown some resolution of the board, giving the treasurer a right to delegate this power to the defendant. The testimony, to say the least of it, is most loose

(The President, Managers, and Company of the Middletown Turnpike Road
*v.* Watson, Administratrix of Watson.)

and unsatisfactory, for I cannot believe, the treasurer *intended*
to give *Watson* a general authority to discharge the debts of the
company; nor was there any proof, that he gave him directions to
pay the accepted order in favour of *James H. Espy.* The general
expressions, "That *Watson* acted for the treasurer," were not a
sufficient foundation for the introduction of the testimony; for no
person could authorize him to pay the debts, except the company,
and no resolution has been shown, which confers this right. The
plaintiffs offered to settle the case upon equitable principles, and al-
low what was actually paid by *Watson;* an offer, which to my sur-
prise, was declined. It is the opinion of the court, the testimony
was improperly received; that the judgment be reversed, and a
*venire facias de novo* be awarded.

Judgment reversed, and a *venire facias de novo* awarded.