## Hill *versus* Frazier.

1. The ninth section of the Act of 7th April, 1849, to encourage manufacturing operations, renders *stockholders* liable to a certain extent for the debts of the company; and the 14th section renders *directors* liable who make dividends which impair the capital stock; and the 23d section authorizes the plaintiff in the suit to include as defendants any one or more *stockholders* of the company claimed to be liable, and gives to the stockholder, who pays, the right of subrogation to the extent of the payment: It was *Held* that the 23d section does not prescribe the form of action or otherwise apply to a suit against a *director*, for a violation of the provisions of the 14th section.

2. A director, from whom a recovery is had under the 14th section of the Act as a wrongdoer, has no right of subrogation as against the company.

3. The company is not to be joined as a defendant in a suit against a director under the 14th section.

4. But a plaintiff who has no claim against *the company*, has none against a director under the provisions of the 14th section.

5. A treasurer of a corporation cannot maintain a suit against the company on a claim against it, which he has purchased. A confidential agent cannot create relations which place him in hostility to his principal. Such a purchase of a debt was an extinguishment of it against the corporation.

6. The director, sued under the provisions of the 14th section, having no recourse to the company, stockholders were not competent witnesses for the plaintiff in a suit against such director, as their testimony tended to relieve the company from the burden of the debt, and to throw it upon the defendant.

ERROR to the District Court of *Allegheny county*.

This was an action of debt founded upon the 14th section of the General Manufacturing Act of 7th April, 1849. It was brought in the name of I. N. Frazier, for the use of M. Eldred, Jr., *v.* William A. Hill.

On the trial, it was proved, on the part of the plaintiff, that the claims in question had been assigned to Eldred before the suit was commenced; that it was commenced by Eldred and was being prosecuted by him and for his own use.

At the time the claim was assigned to Eldred, at the time the suit was brought, and when it was tried, Eldred was the secretary and treasurer of the Fayette Manufacturing Company; and as such had the custody, possession, and control of all the books, papers, property, and effects of the company, and, in subordination to the board of directors, the management of its affairs.

The plaintiff set out in his declaration that, on the 10th of December, 1850, the Fayette Manufacturing Company declared a dividend of the profits of said company, and paid the same to the stockholders; that William A. Hill, at the time the dividend was declared, was a director of the Company; that the said dividend

[Hill *v.* Frazier.]

was not of actual profits, but that it impaired the capital stock of the company, contrary to the provisions of the 14th section of the said Act; that William A. Hill did, as a director, consent to the declaring of such dividend, or, if absent at the time the same was declared, did not file and record his dissent in writing agreeably to the provisions of said section; and that, therefore, he became liable under the provisions of said Act to pay all the debts which the company owed at the time the said dividend was declared, and which it afterwards contracted as long as he remained a director; that such company, by two notes, one dated the 29th of July, 1851, for $649.38, and the other on the 25th of September, 1851, for $500, while Hill remained a director, became indebted to Frazier; which amounts he claimed to recover against Hill. The defendant pleaded in abatement that the plaintiff had not joined the Fayette Manufacturing Company in the suit as a co-defendant (agreeably to the 22d section). To this plea the plaintiff demurred. The Court sustained the demurrer, and ordered the defendant to answer over.

The defendant then by pleas in bar traversed all the allegations in the plaintiff's declaration, and set up matters in avoidance as follows:

1st. That the plaintiff had not joined the Fayette Manufacturing Company as a defendant.

2d. That he had not obtained judgment against the Fayette Manufacturing Company before bringing this suit.

3d. That the claim was purchased by M. Eldred, Jr., for a sum greatly below its actual amount, while he was treasurer of and acting for the company; that he held the same wrongfully against the company, and was prosecuting the suit for his own use, when in fact the claim belonged to the company.

4th. That the action was brought against the defendant for the purpose of extortion and fraud.

5th. That Eldred, while he was treasurer of the company, paid the claim with the funds of the company, and fraudulently took an assignment of it to himself.

6th. That Eldred, in consideration of a loan of $2500 made by Hill to him, agreed not to bring suit against Hill.

7th. That there was no consideration for the notes.

The plaintiff informally demurred to the first two of these pleas, and traversed the others, and on these issues the case was tried.

Verdict was rendered for the plaintiff for $1258.79, on which judgment was rendered on 13th June, 1853.

See the opinion in this case for the points deemed by the Court material in the case.

*Shinn* and *Stanton,* for the plaintiff in error.—It was said, *inter alia,* that a director is liable only for the wrongful direction of a dividend made in such a way as to bind the company. That the liability of *the corporation* to the plaintiff must be established before a director is made liable for an alleged debt of the corporation; and that, under the Act of Assembly, no action can be sustained against a director without joining *the company* in the action. That the 23d section gives the right of enforcing the remedy given by the 14th.

*Williams,* for defendant in error.—He said that one question made, was, whether a director consenting to a dividend was liable when the action of the directors was not put on the minutes, but was kept concealed. Hill was president of the board when the dividend was made. If a director wishes to go away, he should resign his trust. It was said, that the 14th section permitted suits against directors *jointly* or *severally.*

The opinion of the Court was delivered by

BLACK, C. J.—The act "to encourage manufacturing operations in this Commonwealth," passed April 7, 1849, authorizes persons, who choose to become stockholders in a manufacturing company, to incorporate themselves by filing a certificate of certain facts in the recorder's office of the proper county, and transmitting a copy to the secretary of the Commonwealth. The 9th section declares that the stockholders shall be jointly and severally liable in their individual capacities, to the amount unpaid on their respective shares for all debts of the company. In the 14th section it is enacted that the directors consenting to a dividend, greater than the net profits of the company, shall be liable, as individuals, for all the debts of the company contracted while they are in office, or existing at the time of the dividend: saving, however, any director who shall file a certificate within ten days, that he objected to the dividend, or was absent when it was declared. By the 23d section it is provided, that in any action brought to enforce any liability under this act, one or more stockholders may be *included* as defendants: and execution shall go first against the company, and if its property be insufficient, then against the stockholder; and, in case the stockholder pays the debt, he shall be subrogated to the rights of the creditor against the company.

The present defendant was a director of the Fayette Manufacturing Company; and during the period for which he was elected, a dividend was declared largely exceeding the profits of the company and impairing its capital. This suit is brought, upon the 14th section of the act, to compel him to pay one of the debts which the company owed at the time the unlawful dividend was made.

[Hill v. Frazier.]

He objects that the action is wrong in form, because not brought against the company as well as himself, agreeably to the 23d section. The words *any liability* in this section, clearly mean no more than would have been expressed by the words *any debt of the company*. Every word that follows, implies an action against the company, in which the stockholder may or may not be joined as a defendant. For the purpose of saving trouble, expense, and time, the plaintiff is authorized (not compelled) to include a delinquent stockholder with the company, and the judgment fastens the former if the execution fails to get the money out of the latter. We are not now to say whether a stockholder can be sued alone. It does not seem to us that such a suit would be objectionable, especially if the company had been first pursued and its property exhausted: for the liability is distinctly created in the 9th section, from which the common law remedy to enforce it follows of course; and the form of action mentioned in the 23d, is merely permissive. But the plaintiff in error did not become liable as a stockholder, but as a director. It would be carrying construction altogether too far, to say that because a stockholder *may* be joined in a suit against the company, therefore the company *must* be joined in a suit against a director. The act says that directors, in a case like this, shall be jointly and severally liable for the debts of the company; which simply means that a creditor may sue them separately or together; and if he proves an illegal dividend he may recover from them instead of the company. There is nothing in any other part of the statute which at all contravenes or changes or modifies this, or which requires the creditor to adopt any remedy other than that which is necessarily implied by the words from which the liability arises.

Believing, as we do, that the 23d section does not prescribe the form in which the action must be brought to enforce the liability of a director, and that there is nothing whatever in that section which refers to directors who are sued for violating the 14th section, it follows that the defendant in the suit has no right of subrogation. He is sued as a wrongdoer, and wrongdoers have no recourse over, either against those who are *in pari delicto*, or against anybody else. If this debt be paid by the defendant, the company is for ever clear of it. The stockholders, therefore, were not competent witnesses in favor of the plaintiff; for their testimony relieved themselves from the burden of the debt and threw it upon the defendant.

If the plaintiff has no legal or equitable claim against the company, he cannot recover in this action. The evidence he produced of the company's original indebtedness was two notes, payable to Frazier, and by Frazier assigned to Eldred, who brought this suit and has prosecuted it for his own use in the name of Frazier. The

[Hill *v.* Frazier.]

assignment was after the unlawful dividend. Eldred was at the time, and has been ever since, the treasurer of the company. We see nothing in the nature of the claim itself which prevented the holder from assigning it. It was not, as the defendant insists, a mere penalty. It was a debt due from the company to Frazier, which he might transfer like any other debt, and the assignee was entitled to all the remedies for its recovery which the original creditor would have had. But could the treasurer buy up claims against the company and maintain suits upon them? On this question our opinion is in the negative. He could not. It was a violation of the duty which he owed to the creditors, to the stockholder, and to the officers of the corporation—to the defendant himself among others. He was their confidential agent and trustee. It is a universal rule that one to whom the management of any business is confided, cannot create other relations which will put him in an attitude of hostility to his principal, or *cestui que trust*. Thus an attorney cannot buy a title upon which he was consulted, and set it up against his client: (8 *Watts* 93.) If a guardian renew a lease with his own money, and in his own name, he holds it for his ward: (1 *Vernon* 484.) When one of two joint tenants or tenants in common holding under an imperfect title, buys in a better one, the purchase is for the benefit of both: (5 *Johns. Ch. R.* 407.) When an assignee for the benefit of creditors takes an assignment of a judgment against his assignor, it is a payment of the debt, not a purchase (1 *Penna. Rep.* 223); and so of executors, administrators, and every other class of trustees and agents: (1 *P. C. C. R.* 373.) One who is charged with the duty of paying debts cannot make a speculation by buying them for his own use, whether he does it with his own money or not. That the officers of a corporation are held to the same rules of good faith which govern other agents, is proved by the Turnpike *v.* Watson (1 *Rawle*, 330), and Kimmel *v.* Geeting, decided at the present term. The treasurer's purchase, therefore, of Frazier's debt against the company, was an extinguishment of it. Whatever profit he made by it enured to the benefit of the company, and he could be reimbursed what he paid for it, only by a credit in the settlement of his accounts, or by an action against the Company.

These points being decisive of the cause, it is not thought necessary to examine the others.

Judgment reversed and *venire facias de novo* awarded.