*156 The Supreme Court affirmed the judgment of the Common Pleas on Feb. 28, 1881, in the following opinion, per:
Gordon, J.
This was an action on the case brought against John M. and John F. Bickel for the recovery of dam igos alleged to have resulted from a fraudulent combination, by them to defraud the plaintiff of its moneys and other property. From the evidence, from the charge of the Court, and the statements of counsel, what the plaintiff undertook to establish, and did, in whole or In part, establish to the satisfaction of the jury, may be summarized as follows: That John M. Bickel, who was the president •of the company, received the purchase money of a certain lot of ground, belonging to the company, and fraudulently disposed of It to his own use, and that of his sou, John M. Nickel. That the defendants fraudulently appropriated to a like use the proceeds of a contract for the right to use, on the Callowhill street bridge, the “Alexander Miller Wood Pavement.” In addition to these charges, we have a detail by Dr. Filbert of an arrangement between the Biekels aiid certain creditors by which their several claims were consolidated into two judgments, known as the “Bickel judgments.” Further, that the parties afterwards Agreed that the personal property should be sold on a fi. fa., and If it should not bring its full value, it was to be bid in by one of the creditors, and upon resale, the proceeds were to be applied in satisfaction of the judgments. That thg property was so bidin by John M. Bickel, and afterwards by him resold at a large advance, but the money thus realized was not credited on the judgments. Again we have the purchase by the defendants or ■one of them, of a judgment against the plaintiff in the sum of $1,060 known as the “Barker judgment,” for about one hundred dollars, and which was marked to the use of John F. Bickel, the son: the charge of $450 of this in the cash book, and an attachment, presumably for the balance on themselves. In addition to this, in the same cash book, appear entries of the payment of the two Bickel judgments in full. From this condensed history -of the case it is very obvious that a good deal of explanation, as -well as denial was required in order to make their conduct look even passably honest. If, indeed there was a willful con *157 cealmont of tlie $5,500, raised from the sale of the lots; or if that money was applied to judgments already paid by the previous sale of the personal property, there was a gross fraud per- • petrated upon the company. So, if the Barker judgment was p irehased, in the maimer detailed, for the joint benefit of the president, John M. Bickel, and his son, any attempt to collect the whole of it from the company, was in like manner fraudulent ; Hill vs. Frazier, 22 Pa. 320. There is therefore, enough in this case, without reference to the alleged fraudulent conduct of the defendants in the matter of the paving contract, to justify the charge of the Court and the verdict of the jury.
¥e next turn our attention to the specifications of error. All these are without merit. The first, because there is a negative answer to the question to which exception' was taken, hence no" harm -was done. The second, because it -was part of the plaintiff’s case to show how the Bickel judgments were made up, and also, the agreement of the creditors, therein interested, as to the application of the proceeds, of the sale of personal property. lhe third, because the style of the Filbert judgment showed that both the defendants were interested in the resale of the personal l roperty. The fourth is good for nothing, inasmuch as it takes exception to the Barker judgment, already referred to in detail, and which was properly admitted. The fifth, for the reason that the Sellers’ letters were ’admitted, in connection with Barker’s testimony, for the sole and only purpose of proving the price paid for the judgment. Even admitting that the admission of these letters for this purpose was wrong, yet as the fact was proved both by Barker and Bickel, the error was harmless. Neither can the sixth assignment be sustained, for the allowing of new matter to be brought out on cross-examination, is a subject addressing itself to the sound discretion of the Court, hence not reviewable ; Jackson vs. Litch, 62 Pa. 451. At most, however, this was a mere question of time, for, as the witness being examined was a party to the suit, under the second section of the Act of April 15th, 1869, P. Laws. 30, the plaintiff could have recalled him for cross-examination, hence the defendant would have gained nothing by having the examination deferred. The seventh, eighth and ninth are passed as containing nothing *158 worthy of special notice. ■ The tenth anl eleventh are also without merit. It was proper to prove a meeting of the company in the year 1875, and, that of this John M. Bickel liad notice. That the notice was informal was of no consequence ; opportunity was afforded him of attending the meeting had he seen fit to do so, and this was all he- had a right to require. The twelfth assignment we pass with the remark, that if attorneys suppose a Court has no right to interpose, and put orderly questions to a witness, during his- examination, either for its own information, the advancement of justice, or, as in this case, to give the witness an opportunity for explanation, they are very much mistaken. The question put by the Court afforded the witness an opportunity for explanation and self justification, and was altogether proper.
Judgment affirmed..