| 123    487
  36 SC 550
</div>

# APPEAL OF WM. J. HAMMOND.

[ASSIGNED ESTATE OF THE McTIGHE ELEC. L. & M. Co.]

FROM THE DECREE OF THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued November 6, 1888—Decided January 7, 1889.

When an insolvent corporation has made an assignment for the benefit of creditors and all its assets have been converted into a fund in the hands of its assignee for distribution, one who was a director and treasurer of the company is not prevented from proving against the fund claims against the assigned estate which he bought up with his own money after the assignment: Hill v. Frazier, 22 Pa. 320, distinguished.

Before PAXSON, GREEN, CLARK, WILLIAMS and HAND, JJ.; GORDON, C. J., and STERRETT, J., absent.

No. 229 October Term 1888, Sup. Ct.; court below, No. 407 June Term 1886, C. P. No. 1.

On March 31, 1886, the McTighe Electric Light and Manu-

facturing Company, a corporation organized under the corporation act of April 29, 1874, made an assignment of all its property and estate to Walter S. Steel, for the benefit of creditors. The assignee converted the entire assigned estate into money, and on September 18, 1886, settled an account. Exceptions having been filed, *Mr. Morton Hunter* was appointed auditor to hear and determine them and report a schedule of distribution.

At the hearing before the auditor, Wm. J. Hammond presented a claim for the allowance of a large number of small accounts, aggregating in amount $1,136.17, which had been transferred to him by creditors of the company, after the assignment was made, and at quite a discount. At the time of the purchase of the accounts by the claimant, there was no money of the corporation in his hands; everything had been turned over to the assignee. The accounts, etc., were purchased and paid for with the claimant's own money. The controversy which arose upon this claim appears in the report of the auditor relating thereto which was as follows :

Testimony was taken and evidence offered upon Mr. Hammond's claim. There was no controversy as to the facts. The evidence establishes the fact that Mr. Hammond was at the time of the voluntary assignment and at the time of purchasing these claims, the treasurer and a director of the corporation, and that he had purchased these claims at a discount below their face value, varying from a fifty per cent to a less percentage.

A question of law was raised as follows, viz.: That Mr. Hammond should not be allowed to participate in the distribution upon these claims, for the reason that at the time of purchasing them he was a director and treasurer of the corporation owing these claims, and as such had accepted a confidential or trust relation, and could not place himself in such a position of hostility towards the corporation, and could be reimbursed the amount paid only in a settlement of his accounts with the corporation, it being entitled to the profit he made. The auditor is of opinion that this point is well taken, and his reason therefor is that the same has been held to be the law in the case of Hill v. Frazier, 22 Pa. 320.

There was another point raised upon the part of Mr. Hammond, intended to offset the effect of the point of law above referred to, namely: That no such hostile relation would exist after assignment by the corporation was made, for the reason that the assignment operated as a dissolution of the corporation, and thereby the confidential or trust relation of its officers ceased. In support of this point, the case of Craig's App., 92 Pa. 396, was cited. The auditor, upon examination, reports that this point in his opinion is not well taken, and his reasons therefor are, the case of Craig's Appeal only refers to bank corporations, which, under the act of assembly, are dissolved upon assignment; and that it was decided in the case of Germantown Pass. Ry. Co. v. Fitler, 60 Pa. 124, that an assignment does not cause a dissolution of a corporation.

The auditor therefore, in view of all the facts and the law, is of opinion that Mr. Hammond is not entitled to participate in the distribution in this case, and consequently disallows his claim.

\*   \*   \*   \*   \*   \*   \*   \*

Exceptions filed by Wm. J. Hammond, and other claimants, were dismissed by the court, COLLIER, J., without opinion filed, and the report and schedule of distribution recommended by the auditor confirmed. Thereupon Wm. J. Hammond took this appeal, assigning as error the decree of the court dismissing his exceptions, and confirming the report of the auditor.

*Mr. J. W. Kirker*, for the appellant:

The case of Hill v. Frazier, 22 Pa. 320, was very different from the case at bar. Not only when the claims were bought up, but at the time of the bringing of the suit and at its trial, Eldred, the equitable plaintiff in that case, was the treasurer of the company; and it was well said that as he was the confidential agent and trustee of the company, he could not create other relations which would put him in an attitude of hostility to his principal or cestui que trust. "But had that relation been dissolved, either by operation of law or the act of the parties, before the purchase of the claim, this rule would not have applied, since the reason of it would then have had no existence." The reasoning of this court in Hill v. Frazier, distinguishing Craig's App., 92 Pa. 396, applies with equal

force to distinguish Hill v. Frazier from this case. German-town Pass. Ry Co. v. Fitler, 60 Pa. 124, is also to be distinguished. In that case, although the corporation had made a voluntary assignment, it still remained in possession of all its property and assets and continued to exercise its corporate franchises and to conduct its business as before.

*Mr. A. V. D. Watterson* (with him *Mr. S. M. Raymond*), for the appellees:

" One who is charged with the duty of paying debts, cannot make a speculation by buying them for his own use, whether he does it with his own money or not. That the officers of a corporation are held to the same rules of good faith which govern other agents, is proved by Middletown etc. Turnpike R. Co. v. Watson, 1 R. 330 ; and Kimmell v. Geeting, decided at the present term. The treasurer's purchase, therefore, of Frazier's debt against the company, was an extinguishment of it : " Hill v. Frazier, 22 Pa. 320. This case in all its essentials is on all fours with the case at bar, and no matter whether the corporation was dissolved by the assignment or not, the same reason remains for the existence of the rule : Germantown Pass. Ry. Co. v. Fitler, 60 Pa. 124.

OPINION, MR. JUSTICE WILLIAMS :

The McTighe Electric Light and Manufacturing Company was a corporation organized in 1883. The appellant was a stockholder, a director, and the treasurer of the corporation. In March, 1886, being unable to meet its obligations, the company made an assignment to Steel for the benefit of its creditors. The assignee accepted the trust, entered upon his duties, and during 1886 sold the entire plant and assets of the corporation. The proceeds of the sale were brought into court for distribution.

After the assignment to Steel, and after the assignee's sale, Hammond bought several small debts of the corporation at a discount. They amounted in the aggregate to $1,136.17, and were presented to the auditor for allowance. The auditor refused them participation in the fund, because Hammond had been prior to the assignment the treasurer of the corporation, and held that his purchase of these debts was, under the rule

laid down in Hill v. Frazier, 22 Pa. 320, an extinguishment of them. The several assignments of error relate to this ruling, which was concurred in by the court below.

The facts in Hill v. Frazier were, that Eldred was the treasurer of a corporation actually engaged in business. The funds of the corporation were subject to his control. While occupying this relation of trust towards his corporation, he paid some of its debts, took assignments to himself, and undertook to enforce them by actions brought to his use. The rule laid down upon these facts was, that the payments made by the treasurer were to be taken as made out of the treasury. If in point of fact the treasurer advanced out of his own money the amount used, he was entitled to credit in his account as treasurer for the amount so advanced, but the debts paid by him were extinguished, and could not be kept alive by an assignment. This was a correct holding upon the facts, just in its operations, and necessary for the protection of the company against the custodian of its funds.

But the reason on which the rule rests is wanting, in the case now before us. The corporation becoming insolvent had ceased to do business and assigned all its effects for the benefit of creditors. The entire plant had been sold by the assignee. Hammond was no longer a trustee, occupied no fiduciary relation to the corporation, and had not the custody of a dollar of its funds. He could not pay debts as the treasurer, for there were no funds in the treasury, and if there had been they would have passed to the assignee by virtue of the assignment. If, therefore, Hammond, after the assignment and sale, bought the debts assigned to him with his own money, we know no rule of law or policy that prevents his holding them, or deprives him of the right to participate with other creditors in the distribution of the fund raised by the assignee's sale. Such seems to be the fair effect of Craig's App., 92 Pa. 396. Justice GORDON, delivering the opinion of the court in that case, referred to Hill v. Frazier and said, " But had that relation (of treasurer) been dissolved, either by operation of law or the act of the parties before the purchase of the claim, this rule would not have applied, since the reason for it would then have had no existence."

In this case, the relation was effectually dissolved by opera-

Syllabus.

tion of law, upon, the assignment and acceptance by the assignee. The management passed out of the hands of the directors, and the cash and bills receivable passed out of the hands of the treasurer. He owed no other duty to the corporation than any other stockholder. We cannot see how the corporation or its stockholders have any reason for complaint, for the assets are not diminished or the liabilities increased by Hammond's purchase of these claims. The creditors are equally without any just ground for objection, since the fund for distribution is not reduced, nor the claims upon it increased in number or amount.

The assignments of error are therefore sustained, and

The order of the court confirming the report of the auditor is reversed; and it is ordered that the record be remitted and distribution made in accordance with this opinion.

Argued November 6, 1888—Decided January 7, 1889.