# Reber's Estate.

*Promissory note—Contribution among indorsers.*

The relation of joint indorsers, which is that of cosureties, is one of mutual trust and confidence, and from this springs their liability to contribute equally to the payment of the principal debt. In equity the solvent sureties are liable to contribute inter se as to the whole amount.

As between two solvent indorsers, the others being insolvent, where one has paid the note, the other is liable to contribute one half unless there is some other ground upon which the indorser who has paid is liable to pay the whole.

*Joint indorsers—Contribution—Set-off—Liability of directors—Corporate indebtedness.*

Where a claim is against joint indorsers the effect is to work out the equities existing among them, and on a claim for contribution arising thereunder the indorser called upon for such contribution may not set up that the plaintiff was liable for the note as president and director of the maker company of which defendant was also director, because of a claim that at the time the original note was given the indebtedness of the principal exceeded the capital stock paid in. The claim is not for contribution among wrongdoers.

*Joint indorsers—Contribution—Set-off of judgment against corporate principal.*

In a suit for contribution among indorsers, the defendant cannot set up a judgment obtained against the corporation principal of which plaintiff was president. Defendant's claim was against the corporation and he is secured by judgment against the corporation.

As both plaintiff and defendant were fellow directors, the doctrine as to contribution between co-wrongdoers as laid down in Hill v. Frazier, 22 Pa. 30, should apply if it has any application in the case.

*Insolvent decedent's estate—Basis of computing dividend on claims.*

An administrator like an assignee is trustee for creditors in both cases; the estate belongs to the creditors, and as a basis of computation the doctrine of Hess's Estate, 69 Pa. 272, in computing claims against an insolvent estate, should be applied.

Argued Feb. 15, 1900. Appeal, No. 20, Jan. T., 1900, by James C. Reber, administrator of the estate of John Reber, deceased, and a creditor of said John Reber, deceased, from definitive decree of O. C. Union Co., Jan. T., 1898, No. 173, reversing report of the auditor upon distribution and awarding a dividend to T. A. Purdy out of the fund in the hands of the administrator of John Reber, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by BEAVER, J.

Exceptions to auditor's report. Before McCLURE, P. J.

It appears from the record that the controversy arose in the distribution of the estate of John Reber, deceased, the administrator's account showing a balance in hand for distribution of $1,907.65. The estate was insolvent. Among the claims presented before the auditor was one by T. H. Purdy, who claimed contribution against the estate on a note for $3,000, dated March 26, 1892, signed by T. H. Purdy, president Lewisburg Furniture & Planing Mill Company, to the order of Lemuel Shipman, B. F. Kelly, John Reber and T. H. Purdy. The note was duly indorsed by the payee, discounted by the Lewisburg Bank and credited to the account of the Lewisburg Furniture & Planing Mill Company as principal and maker of the note. The note having been protested, suit was brought thereon by the bank against the payees, and judgment by default obtained for want of an affidavit of defense against Shipman, Kelly and Purdy. Judgment having been paid by T. H. Purdy, Shipman and Kelly being insolvent, it was assigned to the said Purdy.

At the audit Purdy claimed that the estate of John Reber, deceased, should contribute to him one half of the debt and interest upon the note.

The auditor found that the debt, which is the basis of claim, is the debt of March 26, 1892, and is the last of a long series of renewals of a debt which began February 24, 1887. The auditor also found that both Kelly and Shipman were insolvent.

It was also found as a fact that the debts of the corporation were in excess of the paid-in capital stock at the time of the creation of this liability. That Purdy, the claimant, was director and president of the company from its organization in 1886 down to the assignment for the benefit of creditors in 1893. That John Reber was a director from January, 1887, to January, 1889, and was bookkeeper of the concern during this time, resigning as bookkeeper July 17, 1889. It was also found as a fact that judgment was recovered on behalf of the decedent's estate against the principal of this note, the Lewisburg Furniture & Planing Mill Company, on which no recovery of money could be made on execution. The auditor found that upon the whole case the claim of Mr. Purdy for contribution must be refused. The court below sustained exceptions to the auditor's report and awarded a dividend of twenty-one and sixteen hundredths per cent on the judgment obtained in Northumberland county, which included debt and interest to August 15, 1895, amounting to $3,588.91, making a dividend of $759.40. James C. Reber, administrator of John Reber, deceased, appealed.

*Errors assigned* among others were (1) in not sustaining the finding of the auditor, to wit: " Upon the whole case, therefore, the auditor must refuse the claim of Mr. Purdy for contribution." (2) In awarding a dividend to T. H. Purdy on the Northumberland county judgment of $3,588.91. (4) In not allowing the judgment at No. 170, May term, 1893, court of common pleas of Union county, Pa., James C. Reber, Admr., etc., v. The Lewisburg Furniture & Planing Mill Company, to be set off against any dividend or claim therefor of the said T. H. Purdy. (5) In refusing petition of James C. Reber, administrator, that the matter may be reheard and reconsidered. (6) In ordering and decreeing payment to said T. H. Purdy of the sum of $759.40, less the costs of the rule granted February 23, 1898, sur petition for rehearing, etc., out of the funds in the hands of the accountant, in accordance with the following modification of decree: " In calculating the amount due Mr. Purdy, we used the judgment obtained against his cosureties as a basis instead of the note upon which suit was brought. This gave Mr. Purdy a little more than he is entitled to, about enough to pay the costs of this rule. These costs are accord-

ingly to be paid by the administrator and deducted from Mr. Purdy's pro rata share of the fund."

*Andrew A. Leiser*, for appellant.—This note is Purdy's individual note: Davis v. England, 141 Mass. 587, citing also many other authorities.

Even if it were the note of the Lewisburg Furniture & Planing Mill Company as maker, by force of the statutes in such case made and provided, it was, from its inception, the personal debt of T. H. Purdy, and when he paid it he simply discharged his own statutory liability and obligation, and for this he cannot claim contribution here and now.

Where a corporation purposes to exercise a power or incur a liability upon the basis of its capital stock, for such purpose, as for purposes of taxation or payment of dividends, its rights must be measured, not by its nominal or authorized capital, but by the actual amount of capital paid in: WILLIAMS, J., in Com. v. Lehigh Ave. Ry. Co., 129 Pa. 405.

Purdy is primarily and severally liable for this debt.

This liability is not contingent upon a failure to pay by the company, nor must a judgment against the corporation be first had. By the statute it is an obligation independent of the corporation, direct and several. Such liability is characterized in a case upon a similar statute: Mining & Mfg. Co. v. Bradley, 105 U. S. 175 (26 L. ed. 1034).

By the express terms of the statute the liability of the directors is "joint and several," and for all the debts of the company then existing or that may be contracted while they continue in office and until the debts are reduced to the amount of the capital stock.

This gives an immediate right to each creditor to sue any director: Patterson v. Minnesota Mfg. Co., 41 Minn. 84; Githers v. Clark, 158 Pa. 616. And the question is flatly ruled in Hill v. Frazier, 22 Pa. 320.

Purdy as a wrongdoer has no right of contribution.

When the liability of directors arises from the wrongful act of the parties, each is liable for all the consequences; there is no right of contribution among them, though the case against each is distinct, depending upon the evidence against him: Merryweather v. Nixon, 8 T. R. 186; Peck v. Ellis, 2 Johns.

Ch. 131 ; Miller v. Fenton, 11 Paige, 18 ; Spalding v. Oakes, 42 Vt. 343 ; Hill v. Frazier, 22 Pa. 320.

As to the fourth specification of error :

There is another view in which the claim of Purdy for contribution upon this note of March 26, 1892, cannot prevail.

Under the facts found by the auditor and the statute in this case, Purdy is liable for all the debts of the corporation existing at the time this note was given. Among these was the debt of the company to John Reber, on which judgment was recovered by his administrator at No. 170, May term, 1893. This debt on January 1, 1892, amounted to $2,248.02, and the judgment was recovered on May 2, 1893, for $2,428.51, with interest from May 2, 1893.

Being thus in debt to Reber in a larger sum than his present claim, by what equity does he make good a claim to contribution in this proceeding? Neither at law nor in equity could such a claim prevail.

As to the measure of recovery, we think this question is squarely ruled in the case of Hoge's Est., 188 Pa. 527.

As to the basis of computation :

Counsel for Purdy claim that the dividend must be computed upon the whole amount of the debt and interest paid by Purdy, and not upon the amount of his actual claim for contribution, upon the authority of Hess's Estate, 69 Pa. 272. But we submit that this is not the proper basis. That case was decided upon the strength of Miller's Appeal, 35 Pa. 478, and Patten's Appeal, 45 Pa. 151, both of them cases of assigned estates.

*C. M. Clement,* with him *E. M. Beale* and *S. P. Wolverton,* for appellee.—It is manifest from the authorities that the debt that Purdy was compelled to pay was the debt originally contracted February 27, 1887, at which time John Reber, the cosurety, was a codirector of the corporation for whose benefit the loan was created.

It would seem that the case falls squarely within Swan v. Scott, 11 S. & R. 155. In this case Judge DUNCAN said.: "The test, whether a demand connected with an illegal transaction is capable of being enforced at law, is whether the plain-

tiff requires the aid of the illegal transaction to establish his case. If the plaintiff cannot open his case without showing that he has broken the law, a court will not assist him, whatever his claim in justice may be upon the defendant."

In no event could the statutory liability of Purdy be set up to prevent his right to contribution against a cosurety in a distribution before an auditor: Patterson v. Wyomissing Mfg. Co., 40 Pa. 117 ; Craig's Appeal, 92 Pa. 396.

The case of Hill v. Frazier, 22 Pa. 320, was very different from the case in hand.

As to the measure of recovery cited Hess's Est., 69 Pa. 272.

The discharge of a statutory liability does not debar a director from contribution from his codirectors : 7 Am. & Eng. Ency. of Law (2d ed.), 363 ; Nickerson v. Wheeler, 118 Mass. 295 ; Horbach v. Elder, 18 Pa. 33.

Here the plaintiff and defendant are in equali jure. The plaintiff has exclusively borne the burden, which ought to have been shared by the defendant, who therefore ought to contribute his share : Armstrong Co. v. Clarion Co., 66 Pa. 219.

OPINION BY BEAVER, J., October 8, 1900 :

A corporate indebtedness, as was very properly found by the auditor and approved by the court below, was created by the note dated February 24, 1887, drawn by T. H. Purdy, president, Lemuel Shipman, secretary, and Cyrus Dreisbach, treasurer, payable to and indorsed by Lemuel Shipman, B. F. Kelly, John Reber and T. H. Purdy and discounted by the Lewisburg National Bank, and the proceeds carried to the credit of C. Dreisbach, treasurer of the Lewisburg Furniture & Planing Mill Company. This note was renewed from time to time until March 26, 1892, when a note was given in final renewal, signed by T. H. Purdy, president, Lewisburg Furniture & Planing Mill Company, which was indorsed, as was the original, by the four joint indorsers named. What the rights of the holder of the note might have been in a suit against Purdy as drawer as to his personal liability as such need not now be considered. No such suit was brought and the lengthy discussion as to his personal liability as drawer is rather academic than practical. The cases upon the general subject of such liability, showing a great variety and contrariety of views, are very fully collected

in a note in Matthews v. Mattress Co., 19 L. R. A. 676, but the rule in Pennsylvania undoubtedly justifies the finding upon this subject in the court below.

The holder brought suit against the four joint indorsers, obtained judgment against three who were served, received payment from Purdy and assigned the judgment to him. Reber, one of the joint indorsers who was not served, died, and in the distribution of his estate, Purdy seeks contribution for the one half of the amount paid by him to the holder of the note, the other indorsers, as is distinctly found by the auditor, being insolvent. The immediate, practical question, therefore, was and is, what were the obligations of these joint indorsers to the holder and what their rights and duties to and among themselves?

It is distinctly admitted that each one of the indorsers was liable to the holder for the entire amount of the note. By the assignment of the judgment obtained by the holder, Purdy stands in some sense in its place. Without such an assignment, however, he could, under the law of Pennsylvania, have been subrogated to the rights of the holder and would in that case, as in the case of the assignment, have been permitted to claim the amount paid by him, subject only to deduction of what he was bound to pay by virtue of the equities subsisting between him and his coindorsers. The appellant contends that in no event has he the right to call upon the decedent's estate for more than the one fourth. If this be true, however, Purdy was only bound to pay the one fourth and, if he stands in the shoes of the holder, would be entitled to receive from any one of the other indorsers, the remaining three fourths. This, however, would be inequitable for, as is clearly pointed out in Steigerwalt v. Smeych, 9 Pa. Superior Ct. 363, the relation of cosureities, which these joint indorsers practically were, is one of mutual trust and confidence, and from this springs their liability to contribute equally to the payment of the principal debt. In equity the solvent sureties are liable to contribute inter se as to the whole amount. To the same effect is Pomeroy v. Sterrett, 183 Pa. 17. As between Purdy and Reber, therefore, the other two indorsers being insolvent, they were each bound to contribute the one half of the note, unless there be some other ground upon which Purdy is liable to pay the whole.

The appellant insists that such ground does exist from the fact that at the time the original note was given the amount of capital stock paid in to the corporation, which was the principal debtor, was $7,000, and its indebtedness $13,438.19, and not thereafter reduced, and that Purdy, being the president and a director of the company, was, therefore, by virtue of the provisions of clause 6, section 39, of the Act of April 29, 1874, P. L. 73, personally liable for the entire debt, and could not for that reason claim anything from the decedent's estate. Admitting the facts, does the conclusion follow? How can the appellant take advantage of a possible liability on the part of Purdy to the holder of the note for this reason in this proceeding? If the judgment paid by Purdy had been recovered against him as an unfaithful director by the holder of the note, we would have a very different question. No question of this kind, however, is raised. The claim is against the joint indorsers, and the effort is to work out the equities existing among them. The claimant does not attempt to seek contribution from the decedent's estate, on the ground of his liability as a co-wrongdoer. If that were the case, the doctrine of Hill v. Frazier, 22 Pa. 320, might apply. It seems to us that the doctrine of this case, if applicable, rather operates against the contention of the appellant. Admitting that Purdy was a wrongdoer, as director at the time the original note was given and the joint indorsement made, the appellant was a director at the same time and would seem to have had more intimate knowledge of the company's affairs than Purdy. His contention then is that he is not liable, as joint indorser with Purdy, because Purdy was a wrongdoer, when making the note, and that the appellant is, therefore, freed from his obligation as coindorser. If Purdy was a wrongdoer in making the note, the appellant undoubtedly had knowledge of the wrong and was, to a certain extent at least, a co-wrongdoer. They were jointly and severally liable as directors under the provisions of the act. He seeks to set up the possible liability of Purdy to the holder of the note, an innocent creditor, as a wrongdoer against an actual liability as indorser. But Purdy does not claim contribution as a wrongdoer against his fellow. The appellant raises the question of personal liability, in which he was a sharer, and seeks to avoid a legal liability thereunder. This he cannot do.

VOL. XV—9

The authorities referred to by the appellant, in which it is held that an officer of a corporation, who had paid the debt of the corporation, under a statute charging him with liability for the debt of the corporation because of official defaults, etc., has a remedy against the stockholders for contribution, do not apply. This is not an attempt to compel contribution on the part of stockholders.

The liability of the joint indorsers of the note of the corporation began with the original note and was never changed. As among themselves, the renewals do not change their legal status. Whilst it is true that, so far as the holder was concerned, he could have elected to recover either upon the original note or upon the last renewal, if he accepted prior renewals as payments, this principle does not apply as among the indorsers. As among them there never was any pretense of payment.

The attempt of the appellant to set up the judgment obtained by him as administrator against the corporation is likewise futile. He claimed it as a debt of the corporation. He secured a judgment against the corporation. He cannot now claim that it was the debt of another person for the purpose of making it a set-off against a legal liability. The allegation that the claimant was liable for the debt represented in the judgment applies, so far as we can see, to the appellant as well as to the claimant and, inasmuch as it is the appellant who seeks contribution from his codirector for this indebtedness by making it a set-off against a legal liability, it would seem as if the doctrine in Hill v. Frazier, supra, should apply, if it has any application in the case.

As to the basis of computation, the doctrine of Hess's Estate, 69 Pa. 272, is so firmly established that it would be folly for us to question it. There is no difference in principle as to the rights of creditors in this regard, between an assigned estate and a decedent's estate. In the one case the assignee is the trustee for the creditors and in the other the administrator is trustee. In both cases the estate belongs in fact to the creditors. This is plainly pointed out in Hess's Estate and cannot be questioned by us.

A slight error was committed by the court in calculating the amount due Purdy, in using the judgment obtained against the coindorsers as a basis for the calculation of interest, instead of

the note upon which the suit was brought, Reber not having been served and no judgment having been obtained against him; but this was practically righted by the final decree which directed the costs to be paid by the administrator and deducted from Purdy's pro rata share of the fund. This reached substantial justice and was better for both sides than the costs of a re-reference.

This case has been presented by the counsel for the appellant in an elaborate argument, in a paper-book which is a model. We have followed the argument with great interest and have given much time to its consideration. We are satisfied, after careful investigation, however, that the court below reached a right conclusion, based upon legal grounds. The appeal is, therefore, dismissed and the decree affirmed.