[No. 5320.  Decided April 7, 1905.]

E. H. STANTON, *Respondent,* v. GEORGE H. GILPIN,
*Appellant.*[1]

CORPORATIONS—TRUSTEES—ACQUIRING OBLIGATIONS AGAINST COR-
PORATION.  A trustee of a corporation may purchase outstanding
notes and judgments against the corporation, where the corpora-
tion has not been in active business or a going concern for many
years, since the relation of trustee has ceased to exist.

PROCESS—CORPORATIONS—SERVICE UPON TRUSTEE AFTER CEASING
TO DO BUSINESS—JUDGMENT—VACATION AT INSTANCE OF STOCK-
HOLDER.  The service of a summons upon a trustee after his con-
nection with the corporation has ended and the corporation has
ceased to do business, is not binding upon a stockholder who had
no notice of the suit, and against whom the judgment is sought to
be enforced; and judgment thereon should be vacated at the in-
stance of the stockholder.

,  SAME.  Such a stockholder is entitled to a vacation of the
judgment against the corporation, and to defend on the merits,
without alleging in advance that he had not paid his stock sub-
scription, to show his interest in the vacation of the judgment,
where it appears that the judgment creditor had brought an
action against him on his unpaid capital stock.

Appeal from a judgment of the superior court for Spo-
kane county, Belt, J., entered May 14, 1904, denying an
application to vacate a judgment, after a hearing before
the court without a jury.  Reversed.

*Merritt & Merritt* and *A. W. Salisbury,* for appellant.

*Happy & Hindman,* for respondent.

DUNBAR, J.—The respondent brought an action in the
superior court of Spokane county against the Spokane
Meat Company, alleging, in substance, that the Spokane
Meat Company, a corporation, had executed notes in a

[1]Reported in 80 Pac. 290.

certain amount to the Fidelity National Bank, and to Wolff & Zwicker Iron Works, and that a certain judgment against the Spokane Meat Company had been rendered in favor of the firm of Elmendorf & Elmendorf; that said obligations had been transferred by said National Bank, Wolff & Zwicker Iron Works, and Elmendorf & Elmendorf, for a valuable consideration, to the plaintiff; and asked judgment for the aggregate amount of such assigned obligations, with interest, etc. The meat company defaulted, and judgment was entered for the amount prayed.

After the entry of such judgment, the appellant petitioned for a vacation of the judgment, showing that he was a stockholder and former trustee of the Spokane Meat Company; that the respondent Stanton was a trustee of the same corporation; claiming that he had had no notice of the action; and that it was claimed by the plaintiff that the petitioner was a stockholder in the Spokane Meat Company, indebted to the company for an unpaid subscription to the stock; and that the petitioner believed that this action was commenced by the plaintiff for the purpose of enabling him to maintain an action against petitioner for what said plaintiff claimed to be an unpaid subscription to the capital stock of said corporation; alleged that the corporation had not been in active business or a going concern for many years; that Schneider, who was served as trustee and secretary of the corporation, had, long prior to the commencement of this suit, abandoned said corporation and all interests that he had therein, and was therefore not a proper person upon whom said summons could be served; and other allegations in relation to the merits of the claims which it is not necessary to set forth. The petition to vacate was denied, and, from the judgment of the court denying the petition, this appeal is taken.

On the question of fact as to whether Schneider, who was served with summons, was a secretary and trustee of the company, we are not inclined to disturb the judgment of the trial court. The testimony of the petitioner in that respect was rather uncertain and evasive, while the testimony of respondent was certain and positive. But, in relation to the service, we will have something to say hereafter. We are also of the opinion that, under the best authority and the best line of reasoning, the respondent was legally qualified to bring the action, and that the rule that a director or trustee of a corporation is not allowed to speculate with property of the corporation, but that on the other hand it is his duty to act for the interest and benefit of the corporation only, in the buying of outstanding obligations of the corporation, does not apply when the corporation has ceased to do business and there are no longer any trust relations existing; that the reason for the rule has then ceased, and the rule, therefore, will not be enforced; that he who was once a trustee, but is a trustee no longer, no trust existing, should not be prohibited from purchasing an outstanding obligation, the same as any other individual. This question was squarely decided by the supreme court of Pennsylvania in the *Appeal of Hammond,* 123 Pa. St. 503, 16 Atl. 419, where it was held that, after an assignment by the corporation for the benefit of its creditors, and the sale of its entire assets, one who is its creditor may purchase debts owing by the corporation, and, having done so, was entitled to participate in a distribution of the funds. In distinguishing that case from the facts in *Hill v. Frazier,* 22 Pa. St. 320, where the treasurer was of a corporation actually engaged in business, the court said:

"But the reason on which the rule rests is wanting in the case now before us. The corporation, becoming insolvent,

had ceased to do business, and assigned all its effects for the benefit of creditors. The entire plant had been sold by the assignee. Hammond was no longer a trustee, occupied no fiduciary relation to the corporation and had not the custody of a dollar of its funds."

And cites, to sustain that theory of the law, *Craig's Appeal,* 92 Pa. St. 396, where the court said:

"But had that relation [of treasurer] been dissolved, either by operation of law or the act of the parties, before the purchase of the claims, this rule would not have applied, since the reason for it would then have had no existence."

The court, in the *Appeal of Hammond, supra,* proceeds to say that the treasurer owed no more duty to the corporation, under the circumstances, than any other stockholder. This announcement of the law seems to be indorsed without qualification by 3 Thompson, Corporations, § 4040, where, after stating the general rule, it is said:

"The rule, of course, has no application in a case where the trust relation of directors has wholly terminated. Thus it has been held, that after an assignment by a corporation for the benefit of its creditors, and the sale of its entire assets, one who was its treasurer and a director may purchase debts owing by the corporation, and, having done so, is entitled to participate in the distribution of the fund;"

citing the case above cited. The same indorsement is made in 10 Cyc. 798.

But, while we think this is a reasonable rule, the same reasoning would apply in support of granting the motion to vacate this judgment, for if, by the dissolution of the corporation, the respondent had been emancipated to such an extent that he was no longer bound by the rules governing existing and going concerns, then there would be no binding force on other stockholders of the corporation by reason of a notice served, not upon them, but upon a

third trustee such as was Schneider, who was served in this case. While, as a strict matter of law, this view might lead to a dismissal of the action, this being an equitable proceeding, and the only result of the dismissal of the action the incurring of costs in the commencement of another action, the action of the respondent will not be dismissed, but the judgment will be vacated, and the appellant allowed to plead to the complaint on its merits.

We have neglected to say, in its proper place, that we have noticed the contention of the respondent that the appellant had not qualified himself to petition for the vacation of the judgment, because he had not alleged that he had not paid for his capital stock, and that there was no proof upon that point in the record, the contention being that he could not be harmed unless it appeared that he had not paid his full subscription for his capital stock, and that, therefore, he had no right to interject himself into a law suit the result of which would not concern him. But, while there is some reason in this contention, inasmuch as he has alleged that the respondent claimed that he had not paid the subscription to the capital stock, and that this action was brought for the purpose of bringing an action against him for that reason, and inasmuch as he had testified that an action had been brought against him by the respondent on his unpaid subscription to the capital stock, we think it would place him at a disadvantage to compel him in advance to disclose his defense to the action which had been commenced against him. There might be some legal question as to whether he was indebted on his capital stock subscription which would not justify him in stating, as a matter of fact, whether he was or not, thereby estopping him from setting that defense up in the subsequent action.

The judgment will therefore be reversed, with instruc-

tions to grant the petition for the vacation of the judgment, for the purpose of allowing the appellant to answer the complaint on its merits.

MOUNT, C. J., FULLERTON, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.