# Leggate *v.* Korn, Appellant.

*Subrogation—Mortgages—Right to assignment of mortgages— Payment of debt by third party.*

The doctrine of subrogation is not applied for the mere stranger or volunteer who has paid the debt of another without any assignment or agreement for subrogation, being under no legal obligation to make the payment, and not being compelled to do so for the preservation of any rights or property of his own.

Where a mortgage is given to secure a loan, accompanied by notes as collateral security, the payment of such notes by a third party will not entitle him to the assignment of the mortgage, nor will he be subrogated to the rights of the original creditor.   Not being under any legal or moral compulsion to pay the notes and not having an existing interest, fixed or contingent, to safeguard, he had no equity to entitle him to subrogation in the absence of an agreement between him and the mortgagor.

Any instruction which would permit the jury to find for the plaintiff, on the equitable ground, that having paid the notes the third party became entitled to the security of the mortgage, irrespective of any agreement between himself and the mortgagor, constituted reversible error.

Argued April 28, 1920. Appeal, No. 54, April T., 1920, by defendant, from judgment of C. P. Allegheny County, April T., 1917, No. 2331, on verdict for plaintiff in the case of Annie Davis Leggate, for use of E. A. Sefler, now for use of H. H. Hattman, v. Mary Korn. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Scire facias sur mortgage. Before REID, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $250 and judgment thereon. Defendant appealed.

*Errors assigned* were the charge of the court, answers to points and refusal of defendant's motion for judgment non obstante veredicto.

*C. A. Davis,* and with him *A. E. Eckles,* for appellant, cited: Fehley v. Barr, 66 Pa. 196; Webster and Goldsmith's App., 86 Pa. 409; Myerstown Bank v. Roessler, 186 Pa. 431; Campbell v. Foster Home Association, 163 Pa. 609; Quaker City Bank v. Hepworth, 192 Pa. 315.

*R. S. Martin,* for appellee.

OPINION BY HENDERSON, J., July 14, 1920:

The mortgage on which the action was brought was given by the defendant to Mrs. Leggate. There is contradiction in the evidence as to whether it was given directly for a loan or as collateral security for the payment of three promissory notes of $100 each, delivered to Mrs. Leggate through her husband who was her at-

torney in fact at the time the mortgage was given. The notes were signed by Henry W. Rennecamp, a son of Mrs. Korn, and made payable to the latter. She seems to have held them in trust for another son to whom the proceeds of the notes were payable. They constituted a part of a series of notes given for a printing office. When the first three notes became due, the maker was not prepared to pay them, and Mrs. Korn applied to Mr. Leggate to lend her $300, which he agreed to do on behalf of his wife, the loan to be secured by her bond and mortgage. The mortgage was for $300 payable in installments concurrently with the maturity of the three notes. Mr. Leggate said he took the notes as additional collateral security. At another point in his testimony, he says the mortgage was given as security for the three notes. The court, in reviewing the evidence, treated the transaction as a loan on the mortgage accompanied by the transfer of the notes as collateral security. From the fact that the notes were deposited in a bank for discount or credit, as stated by Mr. Leggate, the impression would arise that they were regarded as the indebtedness and the mortgage as the security. However that may be, the notes were paid at the bank to Mrs. Leggate after which Mr. Leggate wrote to Mrs. Korn saying the notes had been paid which discharged the mortgage except that she owed a little interest, and if she would send that with the satisfaction fee, he would satisfy the mortgage. Instead of doing that, she came to him with another note of like amount, the fourth of the series, and asked him to discount that, which he did. The use-plaintiff acquired his title to the mortgage from E. A. Sefler who in turn obtained it from Mrs. Leggate. As alleged by Mr. Sefler, he paid the three notes at the bank, and when the fourth note matured, was requested to pay that, which he also did, taking a transfer of the mortgage and the fourth note from Mrs. Leggate. The evidence is contradictory as to who paid the notes at the bank—Rennecamp testifying that he paid about half of the amount

due on them, and that Mr. Sefler paid the other half. The latter testified that he paid the notes in full at the solicitation of Mrs. Korn. Mrs. Korn denied that she asked Mr. Sefler to pay the notes at the bank. She said she did not talk to him about it; that she knew nothing about the payment until she was informed by her son that Mr. Sefler got the mortgage; and that she had no knowledge that he was getting it.

It seems on the face of the transaction that there was a small balance of interest due Mrs. Leggate on the debt for which the mortgage was security at least, and the court was not in error therefore in refusing to give binding instructions for the defendant.

The controverted issue arises on the instruction of the court in regard to the right of Mr. Sefler to the mortgage arising out of the payment by him of the whole or a part of the notes in the bank. The court submitted to the jury the inquiry whether he paid the whole amount due, and the verdict indicates that the jury found a part of the payment to have been made by Rennecamp, the maker of the notes. Assuming that payments were made by Mr. Sefler, as claimed by him, the question is whether he became entitled to the mortgage by reason of such payment. The learned judge instructed the jury that Mrs. Leggate was entitled to hold the notes as security until the payment of the mortgage, and that if they were paid by some one else at the request of the debtor and there was no agreement that the debt was thereby extinguished, the person thus paying succeeded to the rights of Mrs. Leggate in the protection of the mortgage. The jury was consequently instructed as a matter of law that if Mr. Sefler paid the amounts as he claimed, he would have a right to the protection of the mortgage as successor in title to Mrs. Leggate. This was an instruction in effect that by the payment of the notes Mr. Sefler became entitled to the security of the mortgage. The evidence shows that the latter was informed by Mr. Leggate when the mortgage was assigned that he, Leg-

gate, only had a hundred dollars in the mortgage—that hundred dollars was the fourth note discounted by Leggate. It is conceded that the mortgage had no relation to that note. The whole inquiry therefore is directed toward the right of Mr. Sefler to use the mortgage to secure him for the payments made on the notes at the bank. The assignment of the mortgage to him was not made until about three months after the notes were paid. It gave him no greater right than existed in Mrs. Leggate who had already been paid unless by operation of subrogation or agreement of the debtor the obligation of the mortgage could be continued for his benefit. There is no dispute that, so far as Mrs. Leggate is concerned, the purpose of the mortgage was accomplished. She received her money on the notes which had been endorsed to her, and she had no further demand on the mortgagor except for the small item of interest. The instruction of the court permitted the jury to find for the plaintiff if he, at the request of Mrs. Korn, paid the notes at the bank. This was in the most favorable light an advancement of money on her account. He was not bound on the notes nor in the mortgage, nor was he under any duty legal or otherwise to pay her debt. His right to subrogation depended on the existence of some sort of compulsion to pay in the protection of his own interest. One who pays the debt of another without any duty, moral or otherwise, is a volunteer: Mosier's App., 56 Pa. 76. The rule applicable to the case is thus expressed in Sheldon on subrogation, section 240: "The doctrine of subrogation is not applied for the mere stranger or volunteer who has paid the debt of another without any assignment or agreement for subrogation, being under no legal obligation to make the payment, and not being compelled to do so for the preservation of any rights or property as his own." Of this statement of the law it was said in Campbell v. Foster Home Association, 163 Pa. 609, there can be no question of the soundness of the foregoing propositions, and where the facts are such as

to make them applicable, they are controlling.   To the same effect is Webster and Goldsmith's App., 86 Pa. 409, where it was said: "While subrogation is founded on the principles of equity and benevolence and may be decreed where no contract exists, yet it will not be decreed in favor of a mere volunteer who without any duty, moral or otherwise, pays the debt of another.   It will not arise in the favor of a stranger, but only in favor of a party who on some sort of compulsion discharges a demand against a common debtor."   There was no privity of interest between Mrs. Leggate and Mr. Sefler, and the latter could not create a duty to himself by voluntarily advancing the amount of notes on behalf of Mrs. Korn.   Not being under any legal or moral compulsion to pay the notes and not having an existing interest, fixed or contingent, to safeguard, he had no equity to entitle him to subrogation in the absence of an agreement between him and Mrs. Korn to that effect.   The bank having collected the notes deposited by Mrs. Leggate, her loan to Mrs. Korn was repaid, except as to the item of interest, and the fact that this repayment was made through Mr. Sefler does not revitalize the mortgage without the consent of the maker.   The instruction to the jurors permitted them to find for the plaintiff on the equitable ground that Mr. Sefler having paid the $300, became entitled to the security of the mortgage, irrespective of any agreement between Mrs. Korn and him to that effect.   This we think was extending the doctrine of subrogation beyond the limits allowed by the adjudicated cases in this State.   The intrusion of Mr. Sefler into the case at a time when he was in no way bound, morally, legally, or through pecuniary interest, to act, makes him a volunteer as to the payment of the notes and the consent of Mrs. Korn was necessary to give effect to the mortgage as security for any other purpose than the indemnifying of Mrs. Leggate.   The fifth assignment must therefore be sustained.   There is some evidence not distinct nor definite as to the consent

of Mrs. Korn that the mortgage should continue as security to Mr. Sefler and there may be a question of fact for the jury on that subject.

The offer of proof as set forth in the first assignment was properly rejected. If it were proposed to show that Mr. Sefler was in some way bound for the payment of the notes, the inquiry should have been directed to that fact. The question was propounded in such general terms that its relevancy was not apparent and it was therefore not admissible.

The judgment is reversed with a venire facias.