## Weissman *v.* A. Weissman, Inc., Appellant.

Argued April 24, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

Appeal, No. 139, 

 reargument refused July 20, 1953.

*Harry O. Weinberg*, with him *Henry Arronson*, for appellant.

*Wesley H. Caldwell*, with him, *Edward J. Hardiman* and *Roper & Caldwell*, for appellee.

OPINION BY MR. JUSTICE JONES, June 26, 1953:

In 1930 Abraham Weissman, who had conducted a real estate business in Philadelphia for a number of years (latterly in association with his son, Meyer, the plaintiff and present appellee), formed a corporation

under the name of A. Weissman, Inc., to which the assets of the real estate business were transferred. The stockholders of the corporation were Abraham Weissman, his son, Meyer, and his wife, Bertha. They also constituted the officers and directors of the corporation, Meyer being president and secretary, Abraham, treasurer, and Bertha, vice president. Abraham and Meyer, however, were the ones active in the management of the affairs of the corporation.

Among the assets transferred to the corporation was a property located at 922-924 North Third Street, Philadelphia, which was subject to a mortgage from one Meyer Goldstein to a Laura Allen securing the payment of an indebtedness of $4500 evidenced by Goldstein's bond. Laura Allen having died, the Girard Trust Company qualified and served as co-executor of her will. The corporation permitted the taxes and the interest on the mortgage to become delinquent and made no repairs to the property so that, by 1939, the mortgagee had entered into possession of the premises because of the existing defaults under the terms of the mortgage. On March 12, 1939, Meyer Weissman purchased the mortgage from the co-executor of Laura Allen's estate with his own money for the sum of $600 and took an assignment of it in his name which he forthwith recorded. In the succeeding years A. Weissman, Inc., reported the mortgage in its corporate loans tax reports to the Department of Revenue of the Commonwealth as an indebtedness due Meyer. Abraham, as treasurer of the company, swore to the verity of these reports. Abraham died in 1948 and disagreements in the family over the corporation's business soon arose. It is not entirely clear from the record but, apparently, Meyer gave up the management of the company in November 1948; and, since April 1949, his sister, Rose, who was not a stockholder of the corporation, has been managing its affairs, acting in behalf of

her mother. The mother testified at the trial below that, during a conversation in the Abraham Weissman home, Meyer was requested to obtain the mortgage for the corporation. He flatly denied any such conversation or that he had ever discussed with his mother his purchase of the mortgage. According to the verdict, the jury accepted Meyer's version; and the latter fact stands as so established.

In August 1951 Meyer instituted the present action to foreclose the Goldstein mortgage, summoning as defendant, A. Weissman, Inc., the record owner of the property. Bertha, the vice president of the corporation, filed an answer in the company's behalf. At the ensuing trial the jury returned a verdict for the plaintiff for the mortgage debt, interest and costs in the total sum of $7,702.50. The defendant filed motions for judgment n.o.v. and for a new trial, both of which were overruled by the learned court below. Judgment was entered on the verdict and the defendant has appealed.

As implied by the jury's verdict for the plaintiff, Meyer purchased the mortgage with his own money and for his own account with the knowledge and approval of his father who, in his official capacity as treasurer of the corporation, formally acknowledged the mortgage indebtedness as being due by the corporation to Meyer personally. There is nothing in the case, however, to warrant a finding that Meyer's acquisition of the mortgage for himself was pursuant to corporate action. According to Meyer, whom the jury accredited, he never discussed with his mother, who was a stockholder and director of the company, his intended aquisition of the mortgage for himself. The question, then, is whether, under the facts as established by the plaintiff, he could legally acquire the mortgage for himself. We think not.

Corporate officers are "deemed to stand in a fiduciary relation to the corporation": Section 408 of the Business

Corporation Law of May 5, 1933, P. L. 364. Such relationship precludes, inter alia, an officer's personally buying up a claim against his company. In *Hill v. Frazier*, 22 Pa. 320, 324, where that precise question was involved, Chief Justice BLACK said for this court,—"But could the treasurer buy up claims against the company and maintain suits upon them? On this question our opinion is in the negative. He could not. It was a violation of the duty which he owed to the creditors, to the stockholder, and to the officers of the corporation—to the defendant himself among others. . . . One who is charged with the duty of paying debts cannot make a speculation by buying them for his own use, whether he does it with his own money or not. . . . The treasurer's purchase, therefore, of Frazier's debt against the company, was an extinguishment of it." An officer of a corporation does not have the right to make acquisitions for his own account which are essential or would be advantageous to the corporation. And, when such acquisitions are made, even with the officer's own money, they are subject to a constructive trust for the benefit of the corporation: *Bailey v. Jacobs*, 325 Pa. 187, 194-195, 189 A. 320. Obviously, it is of advantage to any company to be able to purchase at a discount a liened debt against its property. There was nothing at the time of Meyer's purchase of the mortgage in March 1939 to relieve him as president of A. Weissman, Inc., from the duty and responsibility to discharge or reduce the corporation's debts.

In *Lutherland, Inc. v. Dahlen*, 357 Pa. 143, 151, 53 A. 2d 143, we recognized that officers of a corporation "must devote themselves to the corporate affairs with a view to promote the common interests and not their own, and they cannot, either directly or indirectly, utilize their position to obtain any personal profit or advantage other than that enjoyed also by their fellow

shareholders: [citing cases]. In short, there is demanded of the officer or director of a corporation that he furnish to it his undivided loyalty; if there is presented to him a business opportunity which is within the scope of its own activities and of present or potential advantage to it, the law will not permit him to seize the opportunity for himself; if he does so, the corporation may elect to claim all of the benefits of the transaction. Nor is it material that his dealings may not have caused a loss or been harmful to the corporation; the test of his liability is whether he has unjustly gained enrichment." See also §196, Restatement, Restitution, p. 804.

It follows, as a matter of law, that Meyer's purchase of the mortgage for his own account extinguished the corporation's liability for the debt. Thus, Meyer was left with no claim against the company except for the money he had advanced in order to acquire the mortgage and for any reasonable expense in connection therewith. No corporate action was taken at any time to evidence company assent to Meyer's purchase of the mortgage for himself; and the company did not thereafter ratify his action. Nor can Bertha be fastened with notice of Meyer's purchase of the mortgage (and a constructive corporate ratification so effected) from the fact of his recording the assignment to him or from the corporate loans tax reports sworn to by Abraham. Neither Abraham alone nor Abraham and Meyer together possessed authority to bind the corporation for the personal benefit of either. It was not until 1951, twelve years after Meyer's purchase of the mortgage, that he made known through the foreclosure suit his claim against the corporation on account of the mortgage. The defense interposed thereto in behalf of the corporation was timely.

The judgment is reversed and is here entered for the defendant n.o.v.