## Weissman, Appellant, *v.* A. Weissman, Inc.

Argued April 18, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Wesley H. Caldwell,* with him *Edward J. Hardiman* and *Roper & Caldwell,* for appellant.

*Maurice Freedman,* with him *Robert H. Arronson* and *Herbert H. Hadra,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, May 23, 1955:

Plaintiff, Meyer M. Weissman, assignee of a mortgage, brought this proceeding for foreclosure against the defendant, A. Weissman, Inc., a Pennsylvania corporation conducting a real estate business in Philadelphia. At the conclusion of the testimony the court below granted binding instructions for defendant. Plaintiff's motions for a new trial and judgment non obstante veredicto were dismissed by the court en banc and judgment was entered on the verdict for defendant. This appeal followed.

The mortgage sought to be foreclosed was executed by defendant on June 7, 1943 in favor of Charles F. Parvis and Lloyd A. Sullivan, partners in a hardware business. The principal amount of the mortgage, secured upon certain premises owned by defendant, was for $2,700, payable within five years with interest at the rate of 5%. At the time the mortgage was given plaintiff was the president and a member of the board of directors of the defendant. The majority of the corporation's stock was owned by plaintiff's parents, Abraham and Bertha Weissman, the only other corporate officers and directors. Approximately two weeks after the execution of the mortgage, plaintiff turned over to the mortgagees at their request $2,700 cash out of his own funds to be held as collateral security on the corporate loan. Plaintiff never made any disclosure of this second transaction to his parents. Abraham Weissman, the treasurer of the corporation, died sometime in January, 1948 and in November,

1948, for reasons not appearing of record, plaintiff severed his connection with the defendant. On December 5, 1950, seven years after the execution of the mortgage, plaintiff asked for and received an assignment of the mortgage together with a receipt from the mortgagees acknowledging the payment of $2,700 for the purchase and assignment. A short time thereafter plaintiff notified the corporation that he was the holder of the mortgage and demanded payment. The present action was instituted in April, 1953.

The court below being of the opinion that the instant case was practically identical with the case of *Weissman v. A. Weissman, Inc.*, 374 Pa. 470, 97 A. 2d 870, another mortgage foreclosure proceeding involving these same parties, held plaintiff violated his fiduciary obligation to the corporation and was therefore precluded from prevailing in the present action. In the prior case between these parties the plaintiff, while he was an officer and director of the defendant corporation, purchased a $4,500 corporate mortgage with his own funds for the sum of $600. At the time of purchase he took an assignment of the mortgage in his own name and then subsequently in August, 1951 instituted an action to foreclose the mortgage. The court below found that the only differences between the former case and the present one were (1) in the cited case, plaintiff received an assignment of the mortgage at the time he purchased it; whereas here, the mortgage was not technically assigned to him until after he left the corporation, and (2) in the cited case, when plaintiff purchased the mortgage, he did so with the knowledge and approval of his father; whereas in this case, no representative of the corporation received notice of the purchase until seven years thereafter.

It is universally established that since directors and officers of a corporation occupy a fiduciary or quasi

trust relation toward the corporation and the shareholders collectively, they cannot directly or indirectly make any profit at the expense of the corporation. An obvious corollary of this principle is that a director or officer cannot utilize his position of trust to acquire outstanding claims against the corporation for speculation in his own interest. In *Lutherland, Inc. et al. v. Dahlen et al.,* 357 Pa. 143, 151, 53 A. 2d 143, this Court, speaking through Mr. Justice HORACE STERN (now Chief Justice), said: ". . . there is demanded of the officer or director of a corporation that he furnish to it his undivided loyalty; if there is presented to him a business opportunity which is within the scope of its own activities and of present or potential advantage to it, the law will not permit him to seize the opportunity for himself; if he does so, the corporation may elect to claim all of the benefits of the transaction. Nor is it material that his dealings may not have caused a loss or been harmful to the corporation; *the test of his liability is whether he has unjustly gained enrichment*: Bailey v. Jacobs, 325 Pa. 187, 194, 189 A. 320, 324." (Emphasis supplied). It is at once apparent that under our decisions, absent certain circumstances not here present, the conduct forbidden in the acquisition of interests adverse to the corporation is the realization of a profit.

In our opinion the case relied upon by the lower court is readily distinguishable from the case now before us. There the plaintiff purchased a corporate obligation at a $3,900 discount and, as stated in the opinion at p. 474: ". . . Obviously, it is of advantage to any company to be able to purchase at a discount a liened debt against its property. . .". In the present case plaintiff paid the full face amount of the mortgage and his claim for interest dates only from the time the mortgage was assigned to him. Under these circum-

stances, applying the test laid down by this Court, there was no collision between fiduciary duty and personal interest. In paying the face amount of the mortgage and claiming precisely what he had expended, plaintiff was in no sense enriched nor could he have been motivated by self-interest.

It is also argued by defendant that plaintiff acted as a volunteer when he paid $2,700 to the mortgagees and therefore this payment extinguished the debt of the corporation, reliance being had on *Leggate v. Korn*, 74 Pa. Superior Ct. 383; *Home Owners' Loan Corporation v. Crouse et al.*, 151 Pa. Superior Ct. 259, 30 A. 2d 330, and other kindred cases.[1] These cases illustrate under what circumstances the right of subrogation will be enforced or denied. The rule invoked by defendant is succinctly set forth in *Home Owners' Loan Corporation v. Crouse et al.*, supra, at p. 262: " 'It always requires something more than the mere payment of a debt in order to entitle the person paying the same to be substituted in the place of the original creditor. A mere volunteer or intermeddler who, having no interest to protect, without any legal or moral obligation to pay, and without an agreement for subrogation, or an assignment of the debt, pays the debt of another is not entitled to subrogation, the payment in his case absolutely extinguishing the debt. . .' ".

The difficulty with defendant's contention is that when the evidence is considered in the light most favorable to the plaintiff, as it must be in this appeal, his action cannot be characterized as that of a volunteer. Plaintiff's evidence, which was not controverted by defendant, discloses no intention on the part of the plain-

---

[1] The theory on which this contention is based was not advanced in the pleadings, at the trial or considered by the court below.

tiff or the creditor to satisfy or extinguish the corporate obligation. According to the plaintiff and one of the mortgagees, Charles F. Parvis, the amount deposited by the plaintiff was given as additional security when the mortgagees were concerned about the safety of the mortgage. Mr. Parvis testified that he requested the plaintiff to take the mortgage over on a few occasions subsequent to 1944, and stated that he considered himself [sic] the owner of the mortgage until it was satisfied. When the plaintiff finally honored these requests by taking an assignment, the mortgagees contemporaneously gave the plaintiff the following receipt: "Dec. 5th, 1950 Received of Meyer Weissman the sum of $2700.00 cash for the purchase and assignment of the mortgage of $2700.00 given to us by A. Weissman Inc. on June 7th, 1943, covering premises 1206-08 N. Orianna St., 1141-43 N. Dunton St., and 447 W. Thompson St., which we have assigned to him on this date. /s/ Chas. F. Parvis /s/ Lloyd A. Sullivan".

As we view the evidence, the acts and conduct of the creditor-mortgagees and the plaintiff were more consistent with an implied understanding between them that the plaintiff would not initially acquire but subsequently succeed to the creditors' claim. Where the creditor receives the money upon the understanding, express or implied, that the debt is to be assigned to the party paying, the debt survives, for the transaction is then treated as one of purchase, not payment: *Lackawanna Trust & Safe Deposit Company v. Gomeringer*, 236 Pa. 179, 188-189, 84 A. 757. The fact that the mortgagees retained their original security until such time as the plaintiff asked for an assignment is a strong indication that the parties intended the plaintiff to enforce such security for the purpose of reimbursement. Inasmuch as this intention was subse-

quently manifested by an actual assignment to plaintiff, he cannot be considered a volunteer.

Furthermore, in enforcing the right of subrogation courts are guided by equitable principles, for the doctrine is a device to promote justice and is granted as a means of placing the ultimate burden of the debt upon the person who should bear it: *Roberts v. Fireman's Insurance Company of Newark, New Jersey,* 376 Pa. 99, 107, 101 A. 2d 747. The present record is devoid of any fraud or overreaching by the plaintiff; consequently, all the equities are in his favor, for to deny recovery would permit the corporation to secure an advantage to the prejudice of the plaintiff.

The judgment is reversed and the record remanded with direction that judgment be entered for the plaintiff in the amount of his claim.