Pink Lady, Inc., v. William Penn Loan Co., Inc.

*Jerome N. Berenson* and *Norman Shigon*, for plaintiffs.

*Joseph Katz*, for defendants.

HAGAN, P. J., February 5, 1959.—This case was instituted by a complaint in equity, to which defend-

ants filed preliminary objections. The preliminary objections were argued before the court en banc, which sustained them and dismissed the complaint. Thereafter plaintiffs filed an appeal to the Superior Court, and this opinion is written in accordance with rule 43 of the Superior Court Rules.

Plaintiffs' complaint avers substantially as follows: That plaintiffs are Pink Lady, Inc., hereinafter referred to as "Pink Lady", and certain individuals who are the sole shareholders as well as officers and directors of Pink Lady; that defendants are William Penn Loan Company, Inc., hereinafter referred to as "William Penn", and certain individuals who are officers and directors of William Penn as well as directors of Pink Lady; that on or about November 26, 1956, William Penn lent the sum of $19,000 to Pink Lady, and that William Penn was repaid by Pink Lady approximately $23,018 by October 14, 1957, a period of about nine and a half months.

The complaint avers that Pink Lady was overcharged for interest and service charges. The complaint further avers that this overcharge resulted in the unjust enrichment of William Penn and constituted a violation of the individual defendants' duty as interlocking directors to treat Pink Lady fairly and equitably. The complaint was filed on May 23, 1958.

Defendants' preliminary objections averred: (1) That plaintiff has an adequate remedy at law; (2) that a corporation is precluded by statute from instituting a suit for recovery of usurious interest; and (3) that there is a six months' statute of limitations in usury actions, which bars the institution of the present action.

In so far as this is an action by Pink Lady against William Penn to recover for the alleged overcharge, the action is barred by section 313 of the Business Cor-

poration Law of May 5, 1933, P. L. 364, 15 PS §2852-313, which provides:

"No business corporation shall plead or set up usury, or the taking of more than six percent interest, as a defense to any action brought against it to recover damages on, or to enforce payment of, or to enforce any other remedy on, any mortgage, bond, note, or other obligation executed or effected by the corporation."

Since under the above quoted statute the defense of usury cannot be used as a shield to defend against an action to recover allegedly usurious interest, it follows a fortiori that usury cannot be used as a sword to recover money already paid and alleged to be usurious. This was specifically held in the case of Brierly v. Commercial Credit Co., 43 F. 2d 724, a Federal case applying Pennsylvania law. Furthermore, it was held in the case of Houghten v. Restland Memorial Park, Inc., 343 Pa. 625, that the defense of usury cannot be asserted by a corporation by the device of bringing an action in equity rather than at law.

Without reference to the allegation of breach of fiduciary duty by interlocking directors of the two corporations, and treating the case solely as one to recover allegedly usurious interest, there is an additional reason why the action cannot succeed. The Act of May 28, 1858, P. L. 622 sec. 2, 41 PS §4, provides, inter alia:

". . . in all cases where any borrower or debtor shall heretofore or hereafter have voluntarily paid the whole debt or sum loaned, together with interest exceeding the lawful rate, no action to recover back any such excess shall be sustained in any court of this commonwealth, unless the same shall have been commenced within six months from and after the time of such payment."

In this case repayment was completed on October 14, 1957, and suit was not instituted until May 23, 1958, more than seven months later. Accordingly, the action was commenced beyond the statutory period and cannot prevail in so far as it is an attempt to recover allegedly usurious interest.

The other aspect of this case is the action against certain interlocking directors for alleged breach of fiduciary obligation. As to this, the sole averment is contained in paragraph 7 of the complaint, which states as follows:

"The Pink Lady, Inc., was overcharged for interest and service charges and this resulted in unjust enrichment on the part of William Penn Loan Company, Inc., and a failure of the interlocking officers and directors to treat Pink Lady, Inc., properly, fairly, and equitably."

The sine qua non in cases where corporate directors are alleged to have breached their fiduciary obligation is that the allegedly wrong-doing directors must have been unjustly enriched: Weissman v. A. Weissman, Inc., 382 Pa. 189, 193. In the instant case there is no averment that the individual directors made a profit, merely that the corporate defendant did. Furthermore, the averment with respect to the alleged breach of fiduciary obligation is far too vague to support such an action. The present suit is clearly an ingenious but legally inadequate attempt to circumvent the legal restrictions concerning an action for the recovery of usurious interest.

For the foregoing reasons, defendants' preliminary objections were properly sustained and the complaint dismissed.